NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANNON CARTER, | No. 20-16539 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02064-RFB-EJY |
| v. | |
| BRIAN SANDOVAL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Shannon Carter, a Nevada state prisoner, appeals pro se the district court's

judgment dismissing his civil rights action under 42 U.S.C. § 1983, alleging that

defendants violated his constitutional rights when they miscalculated his parole

eligibility date. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

a dismissal under 28 U.S.C. § 1915A. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). We affirm.

The district court properly concluded that Carter failed to state a claim that defendants violated the Ex Post Facto Clause by failing to apply sentence credits to his parole eligibility under Nev. Rev. Stat. § 209.4465(7)(b) (1997). *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (to fall within ex post facto prohibition, a law must be retrospective and must disadvantage the offender affected by it by increasing his punishment). As the district court correctly found, the Nevada Court of Appeals' order attached to Carter's complaint shows that under *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262-65 (Nev. 2017), defendants misapplied § 209.4465(7)(b), rather than retroactively applying the less favorable parole eligibility rules set forth in Nev. Rev. Stat. § 209.4465(8) (2007).

The district court properly dismissed Carter's claim that defendants breached his plea agreement as that claim challenges the validity of his conviction and thus is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Carter failed to state a due process or Eighth Amendment claim based on deprivation of parole eligibility because he possessed no constitutionally protected liberty interest in parole eligibility in Nevada. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983) (if a substantive interest is left to the state's unfettered discretion, then state statutes creating formal procedures surrounding that

discretion do not create a liberty interest); *Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010) (Nevada law does not create liberty interest in parole).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Carter's motion for reconsideration and appointment of counsel (Docket Entry No. 11) is denied.

**AFFIRMED.**